IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

```
_____
                               )
JOHNNY L. MILLIGAN, et al.,    )
                               )
          Plaintiffs,          )
                               )
v.                             )     Civil Action No. 04-1517
                               )
W&M PROPERTIES, INC.,          )
OF VIRGINIA, et al.,           )
                               )
          Defendants.          )
_____)
```

**MEMORANDUM OPINION**

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint and on Plaintiffs' Objection to the Magistrate Judge's February 7, 2005 Order. On May 25, 2004, W&M Properties, Inc. of Virginia ("W&M") filed an eviction action against Plaintiffs in the Fairfax County General District Court. After a trial on the merits, the General District Court entered judgment in favor of W&M. Plaintiffs appealed the judgment in the Fairfax County Circuit Court, and subsequently filed a Complaint on December 16, 2004. On March 1, 2005, this Court granted Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, allowing Plaintiffs fourteen days to amend.

Plaintiffs filed a Second Amended Complaint on March 14, 2005 alleging nine counts of violations of the Fair Housing Act

and asking for $2 million in damages, declaratory relief, fees and costs associated with this action, and sanctions against Defendants. Subsequently, Defendants filed this Motion to Dismiss Plaintiffs' Second Amended Complaint, asserting that Plaintiff's claim should be dismissed under Federal Rules of Civil Procedure 12(b)(1), lack of subject matter jurisdiction, and 12(b)(6), failure to state a claim upon which relief may be granted.

When ruling on a motion to dismiss, this Court must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). While the Court must consider the facts in the light most favorable to the plaintiff, unreasonable conclusions without factual support, unwarranted inferences, and arguments are insufficient to state a claim upon which relief can be granted. Id.

Count I alleges that Defendant W&M violated the Fair Housing Act, 42 U.S.C. § 3601 (2003) et seq., by attempting to make a dwelling unavailable to Plaintiffs on the basis of their race. In Count II, Plaintiffs claim that Defendant W&M discriminated against them by refusing to accept personal checks from Plaintiffs on the basis of their race, in violation of Section 3604(b) of the Fair Housing Act. The Federal Rules of Civil

Procedure require only that a plaintiff make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. While a court must look at the facts alleged in the light most favorable to the plaintiff in a motion to dismiss, a court does not have to accept as true any legal conclusions made by a plaintiff. Eastern Shore Mkts., Inc., 213 F.3d at 180. In Counts I and II, all Plaintiffs have stated are legal conclusions, without any facts to support them. Plaintiffs state no facts to support their conclusory allegations that Defendants made a dwelling unavailable to them or that Defendants refused to accept their personal checks because of their race. While the Federal Rules require only notice pleading, Plaintiffs must state some facts to support each count in their Complaint. Plaintiffs have not done so in Counts I and II, and the Court finds that those Counts should be dismissed for failure to state a claim upon which relief may be granted.

Counts III through IX in Plaintiffs' Second Amended Complaint make various allegations of fraud in the pleadings and proceedings during the Fairfax County General District Court proceedings. Under the Rooker-Feldman doctrine, a federal district court lacks the subject matter jurisdiction to review proceedings in a state court. Safety-Kleen, Inc. v. Wyche, 274 F.3d 846, 857 (4th Cir. 2001). In their Second Amended Complaint,

Plaintiffs argue that the Rooker-Feldman doctrine is inapplicable because Plaintiffs are not seeking review or reversal of the state court judgment. However, this doctrine further prohibits a federal district court from considering any issues presented and decided by a state court, as well as any issues that are "'inextricably intertwined with' questions ruled upon by a state court." Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997) (quoting Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir. 1995)). In order to make any determination as to the merits of Counts III through IX, this Court would have to determine whether there was any fraud in the state court proceedings.

In Count III, Plaintiffs state that W&M and Lawrence made a dwelling unavailable to Plaintiffs because of their race by filing a "false and wholly unwarranted" lawsuit. In order to determine whether Count III has any merit, this Court would first have to determine whether or not the state court action was in fact false or wholly unwarranted. The Rooker-Feldman doctrine prohibits such an inquiry.

Similarly, in Count IV, Plaintiffs allege that Defendant W&M violated the Fair Housing Act by printing, filing, and publishing a frivolous eviction action in the Fairfax County General District Court. Again, Count IV necessarily implicates a determination of whether or not the state court eviction action

was frivolous, and the Rooker-Feldman doctrine prevents this Court from making such a determination.

Counts VIII and IX allege that Defendant Lawrence used the judicial process to harass Plaintiffs and for other improper purposes by filing false allegations. The lawsuit that Plaintiffs refer to in these Counts was adjudicated on the merits by the Fairfax County General District Court and is currently on appeal before the Fairfax County Circuit Court. Under the Rooker-Feldman doctrine, this Court does not have subject matter jurisdiction to determine whether or not that action was frivolous, because to do so would require a review of the merits of that state court case.

In Count V, Plaintiff alleges that Defendant W&M violated the Fair Housing Act by falsely representing to a trial judge that Plaintiffs had not paid rent for the month of May 2004. Count VI states that Defendant W&M violated the Fair Housing Act when it tried to make a profit by leading the trial judge to believe that Plaintiffs had not paid rent for May 2004. Count VII states that Defendant W&M misrepresented material facts to the trial judge that Plaintiffs had not paid rent for the month of May 2004. To determine whether these claims have any merit, a court would inevitably have to hear evidence regarding rent payments. The General District Court already heard this evidence, made a determination, and that judgment is now before the Circuit

5

Court on appeal. This Court does not have subject matter jurisdiction to rehear that issue. Accordingly, Counts III through IX should be dismissed because this Court lacks subject matter jurisdiction.

On January 26, 2005, Plaintiffs filed a Motion for Sanctions alleging that Defendants made material misrepresentations to the Fairfax County General District Court. On February 7, 2005, the Magistrate Judge issued an Order denying Plaintiffs' Motion because there is no legal authority that permits this Federal Court to award Rule 11 sanctions for conduct in an earlier state action. Pursuant to Federal Rule of Civil Procedure 72, a party must file objections within ten days after being served a copy of the magistrate judge's order. Plaintiffs filed an objection to this Order on March 8, 2005. Since Plaintiffs filed their objection after the expiration of the prescribed ten day period, Plaintiffs' objection ought to be dismissed.

An appropriate Order shall issue.

/s/
_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
April 25, 2005